
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION


| | |
|---|---|
| BERNARD RAY RICHARDSON,<br>    Plaintiff,<br><br>v.<br><br>DOCTOR JOSEPH, et. al.,<br>    Defendants. | Civil Action No. 7:06-cv-00215 |
| BERNARD RAY RICHARDSON,<br>    Plaintiff,<br><br>v.<br><br>DOCTOR JOSEPH, et. al.,<br>    Defendants. | Civil Action No. 7:06-cv-00216 (LEAD)<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Bernard Ray Richardson, a Virginia inmate proceeding pro se, brought these two actions in the United States District Court for the Eastern District of Virginia, both of which were construed and filed as civil complaints pursuant to the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Because the cause of action arose within this district, the Eastern District transferred the cases here. The complaints allege that after authorities transferred Richardson to Augusta Correctional Center, Dr. Joseph changed Richardson's medication for treatment of high blood cholesterol without conducting a physical examination of Richardson or explaining the possible side effects of the new medication. Richardson seeks monetary and interlocutory injunctive relief. He also seeks in forma pauperis status. Upon review of the pleadings, the court will consolidate the two actions for disposition, as the claims and the defendants overlap. Moreover, upon finding that Richardson does not qualify to proceed in forma pauperis, the court will deny the motions for in forma pauperis and interlocutory injunctive relief and dismiss

the actions without prejudice, pursuant to 28 U.S.C. § 1915(g).

Enacted as part of the Prison Litigation Reform Act of 1996, 18 U.S.C. §1915(g) provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records reflect that Richardson has previously had three prior cases dismissed as malicious, frivolous, or for the failure to state a claim: Richardson v. Saunders, Civil Action No. 7:98-cv-109 ((W.D. Va. April 4, 1998) (dism'd sua sponte under § 1915(g) because inmate has three strikes). As Richardson has accumulated three "strikes," he may not proceed with the current actions without prepaying the $ 250.00 filing fee[1] or demonstrating that he is "under imminent danger of serious physical injury." §1915(g).

The court cannot find that plaintiff has alleged facts indicating that he is in any imminent danger of serious physical harm arising from the defendants' alleged violations. Richardson admits that he is receiving a new medication as treatment of his high cholesterol. He also does not specify any adverse side effects he has experienced or allege facts indicating any likelihood that the new medication is not just as effective as the previous medication at treating his condition. Thus, Richardson has not met the requisite showing of imminent physical harm under §1915(g) so as to qualify to proceed without prepayment of the filing fee as to any of his claims in this civil action. Accordingly, the court denies Richardson's application to proceed in forma pauperis. As plaintiff

---

[1] The filing fee for civil actions in federal court increased from $250.00 to $350.00, effective April 1, 2006. Because Richardson signed and dated his complaint before that date, however, he would only be required to pay a $ 250.00 filing fee for each of these actions.

2

has failed to pay the $250.00 filing fee, this action will be filed and dismissed, pursuant to §1915(g).

In any event, Richardson also fails to demonstrate that anyone has acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). As stated, the doctor continues to treat and monitor Richardson's medical condition. Richardson's disagreement with the medication change or with the doctor's decision to make the change without first conducting a physical examination presents, at most, a claim of alleged medical negligence, a state law claim which is not actionable under § 1983.[2] Id.; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Thus, Richardson fails to demonstrate any likelihood of success on the merits of his Eighth Amendment claims regarding his medical treatment or that he will suffer irreparable harm in the absence of court intervention. As such, he is not entitled to interlocutory injunctive relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This _21st_ day of April, 2006.

/s/ James C. Turk
Senior United States District Judge

---

[2] Because the court herein dismisses all of Richardson's federal claims, the court declines to exercise supplemental jurisdiction over any possible state law claims. 28 U.S.C. § 1367(c).

3